**Ronald FOSTER, Plaintiff–Appellant,**

v.

**CUYAHOGA DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al., Defendants–Appellees.**

No. 00–3746.

United States Court of Appeals, Sixth Circuit.

Aug. 6, 2001.

Before SUHRHEINRICH and SILER, Circuit Judges; HOOD, District Judge.*

Ronald Foster, proceeding pro se, appeals a district court order denying him permission to proceed in forma pauperis (IFP) in the district court. Foster filed the motion in conjunction with his civil rights complaint filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5, 42 U.S.C. §§ 1981 and 1983, and state law. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Foster submitted his application for pauper status and a complaint claiming that his employer (the Cuyahoga Department of Health and Human Services) discriminated against him on the basis of his race: 1) by improperly denying him equal promotion and transfer opportunities; and 2) by retaliating against him for complaining about the promotion and transfer policies. The district court ordered Foster to file an amended application to proceed IFP, because he had neglected to completely fill out the application. Upon review of the amended application, the district court denied Foster permission to proceed IFP

---

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

because the application reflected that Foster receives approximately $42,000 in income per year. The district court denied Foster permission to proceed IFP on appeal, and this court also denied him leave to proceed IFP. Foster has now paid the appellate filing fee.

Foster has filed a timely appeal, essentially arguing that he is entitled to pursue this matter as a pauper and that his underlying claims are not frivolous.

■ Upon review, we conclude that the district court did not abuse its discretion when it denied Foster permission to proceed IFP. *See Phipps v. King,* 866 F.2d 824, 825 (6th Cir.1988). Although pauper status does not require absolute destitution, the question is whether the court costs can be paid without undue hardship. *See Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.,* 865 F.2d 22, 23 (2d Cir.1988). The district court properly noted that Foster receives an annual income from employment of approximately $42,000. Thus, Foster can pay the court costs without undue hardship. The district court properly denied Foster pauper status regardless of the merits of his underlying claims.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.