NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RODNEY A. BRYANT,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2015-5065

---

Appeal from the United States Court of Federal Claims in No. 1:14-cv-00657-MCW, Judge Mary Ellen Coster Williams.

---

Decided: October 14, 2015

---

RODNEY A. BRYANT, Jamaica, NY, pro se.

PAUL ANDREW ALLULIS, Tax Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by ROBERT WILLIAM METZLER, CAROLINE D. CIRAOLO.

---

Before PROST, *Chief Judge*, WALLACH and TARANTO, *Circuit Judges.*

PER CURIAM.

Appellant Rodney A. Bryant appeals the decision of the United States Court of Federal Claims ("Claims Court") dismissing his action because he failed to pay the requisite filing fee. Appellee's App. 2. Prior to the dismissal, the Claims Court rejected Mr. Bryant's request to proceed *in forma pauperis*. *Id.* at 3. Because the Claims Court did not abuse its discretion in reaching these conclusions, we affirm.

BACKGROUND

In May and June 2014, the United States Department of Treasury's Internal Revenue Service ("IRS") issued notices announcing that it would seek to collect delinquent federal income tax liabilities that Mr. Bryant owed for the years 1998 to 2003, as well as civil penalties imposed upon him for the years 2002 and 2004. Appellant's Informal Br. 5–6. Mr. Bryant altogether owed over $200,000 in unpaid taxes and civil penalties. *Id.*

In July 2014, Mr. Bryant sued the IRS in the Claims Court, arguing that the IRS wrongfully levied upon his wages and financial accounts. *Id.* at 3–4. When Mr. Bryant filed his complaint, he also filed a motion for leave to proceed *in forma pauperis*, which if granted would relieve him of paying the requisite $350 filing fee. Appellee's App. 10; *see* 28 U.S.C. § 1926(b) (2012) (explaining that the Claims Court "may require advance payment of fees by rule"); Claims Ct. R. 77.1(c)(3) (2008) (explaining that parties must pay a filing fee "in advance" unless granted leave to proceed in pauper status); Claims Court Fees Schedule, *available at* http://www.usco urts.gov/services-forms/fees/us-court-federal-claims-fee-schedule (last visited Oct. 8, 2015) (providing filing fee of $350 owed at the time Mr. Bryant filed his Complaint).

The Claims Court denied the motion the next day because the record demonstrated that Mr. Bryant received a monthly pension payment of $7,998.96 and, thus, he had not shown good cause for the request. Appellee's App. 3.

Some eighty-five days after the Claims Court denied Mr. Bryant's motion, the Government filed a motion to dismiss the Complaint for failure to prosecute pursuant to Claims Court Rule 41(b).[1] *Id.* at 11. In relevant part, the rule permits the Claims Court to dismiss an action if "the plaintiff fails to prosecute or to comply with" its rules, Claims Ct. R. 41(b), including the payment of the filing fee, Claims Ct. R. 77.1(c)(3). Mr. Bryant did not respond to the motion or pay the filing fee in the interim. The Claims Court granted the Government's motion and entered judgment dismissing the action. Appellee's App. 1–2.

---

[1] In the alternative, the Government argued that the Claims Court lacked subject matter jurisdiction over Mr. Bryant's action. Appellee's App. 4. Whether a plaintiff properly instituted its action, such as by paying the requisite fees, antecedes any question regarding a court's authority to hear the issues presented. *See, e.g.*, *Costello v. United States*, 365 U.S. 265, 285 (1961) (finding dismissal appropriate when a plaintiff fails "to comply with a precondition requisite to the Court's going forward to determine the merits of his substantive claim"); *United States v. Zucca*, 351 U.S. 91, 99–100 (1956) (same); *see also* Fed. Cir. R. 52(c) (explaining that in this court "[t]he clerk is not required to docket any proceeding or perform any other service until all fees due the clerk are paid unless a party has been granted leave to proceed in forma pauperis"). Because we affirm the Claims Court's dismissal for Mr. Bryant's failure to prosecute, we need not address that argument.

Mr. Bryant appeals.  The court has jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

DISCUSSION

Mr. Bryant argues that the court should enter "judgment in [his] favor" and order the "release [of his] property."  Appellant's Informal Br. 2.  He makes no specific argument regarding the Claims Court's denial of his request to proceed *in forma pauperis* or its dismissal of his action.  The court gives Mr. Bryant the same lenient treatment typically accorded to pro se litigants and construes his statement as a challenge to the Claims Court's denial of his request for pauper status and dismissal of his case.  *See, e.g.*, *Beriont v. GTA Labs., Inc.*, 535 F. App'x 919, 926 n.2 (Fed. Cir. 2013) (unpublished).

The court reviews for an abuse of discretion the denial of an *in forma pauperis* request, as well as the dismissal an action pursuant to Claims Court Rule 41(b).  *Kadin Corp. v. United States*, 782 F.2d 175, 176 (Fed. Cir. 1986) (discussing dismissal under Claims Ct. R. 41(b)); *see also Colida v. Panasonic Corp. of N. Am.*, 374 F. App'x 37, 38 (Fed. Cir. 2010) (unpublished) (citing *Denton v. Hernandez*, 504 U.S. 25, 33–34 (1992); *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 337 (1948)) (discussing denial of a request for pauper status).  An abuse of discretion occurs when a court "exercise[s] its discretion based on an error of law or clearly erroneous fact finding." *Qingdao Taifa Grp. v. United States*, 581 F.3d 1375, 1379 (Fed. Cir. 2009) (internal quotation marks and citations omitted).

The Claims Court did not abuse its discretion in denying Mr. Bryant's request to proceed *in forma pauperis*. "'[P]roceeding *in forma pauperis . . .* is a privilege, not a right.'"  *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998) (brackets omitted) (quoting *Rivera v. Allin*, 144 F.3d 719, 724 (11th Cir. 1998)).  A party may proceed *in forma pauperis* if it "is unable to pay" fees in a "court of the

United States" or "give security therefor."   28 U.S.C. § 1915(a)(1); *see id.* § 2503(d) (treating the Claims Court as "a court of the United States" for purposes of § 1915). The Claims Court found that Mr. Bryant's pension paid him roughly $8,000 per month, or $96,000 annually, meaning that he possessed the financial means to pay the $350 filing fee.  Appellee's App. 3.  The record does not indicate that he would have experienced undue financial hardship in paying the fee.  *Cf. Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001) (unpublished) ("Although pauper status does not require absolute destitution, the question is whether the court costs can be paid without undue hardship.").  Thus, the Claims Court acted within its discretion in denying his request.[2] *Cf.* § 1915(a)(1).

The Claims Court also did not abuse its discretion when it dismissed Mr. Bryant's action.  Mr. Bryant received notice that he did not qualify for pauper status on July 29, 2014.  Appellee's App. 3.  Between the dates on which Mr. Bryant received that notice and the Government filed its motion to dismiss, Mr. Bryant did not seek reconsideration of the Claims Court's denial or supplement his application to proceed *in forma pauperis*, nor did he pay the fee.  After the Government filed its motion to dismiss, Mr. Bryant had a month to respond.  *Id.* at 11. Mr. Bryant did not avail himself of that opportunity, nor did he pay the fee during that time.  If a party fails to pay the requisite filing fee, despite adequate notice and ample opportunity to do so, the Claims Court acts within its discretion when it dismisses the action, just as it did in

---

[2]   Notably, Mr. Bryant paid the $505 filing fee required to appeal his case to this court in March 2015, only months after failing to pay the Claims Court fee.  *See Bryant v. United States*, No. 2015-5065, Docket No. 1 at 3 (Fed. Cir. Mar. 13, 2015).

this case. *See, e.g.*, *Brown v. United States*, 88 Fed. Cl. 795, 798 (2009) (stating that dismissal is proper when a party fails to pay a filing fee and does not qualify for pauper status).

CONCLUSION

Accordingly, the decision of the United States Court of Federal Claims is

**AFFIRMED**