NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KEVIN DENIS CHAMBERLAIN,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2016-1603

---

Appeal from the United States Court of Federal Claims in No. 1:15-cv-00653-PEC, Chief Judge Patricia E. Campbell-Smith.

---

Decided: July 8, 2016

---

KEVIN DENIS CHAMBERLAIN, Washington, DC, pro se.

JESSICA COLE, Commercial Litigation Branch, Civil Division, United States Department of Justice, for defendant-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., CLAUDIA BURKE.

---

Before PROST, *Chief Judge,* NEWMAN and BRYSON, *Circuit Judges.*

PER CURIAM.

Kenneth Denis Chamberlain appeals the decision of the United States Court of Federal Claims ("Claims Court") dismissing his action because he failed to pay the requisite filing fee. Appellee's App. 16. Prior to the dismissal, the Claims Court rejected Mr. Chamberlain's request to proceed *in forma pauperis*. *Id.* at 14–15. Because the Claims Court did not abuse its discretion in reaching these conclusions, we affirm.

## BACKGROUND

Mr. Chamberlain filed a complaint in the Claims Court on June 24, 2015, alleging that the government improperly forfeited his property because, after it had undertaken a search and seizure, it never gave him notice of forfeiture pursuant to 18 U.S.C. § 983. *Id.* at 1. Mr. Chamberlain requested $5 million in compensation. *Id.* at 2.

That same day, Mr. Chamberlain filed an application to proceed *in forma pauperis*. *Id.* at 3–4. If allowed, the application would have waived the Claims Court's $400 filing fee. 28 U.S.C. § 1915(a)(1); Appellee's App. 15. On his application, Mr. Chamberlain indicated that he had not been employed since February 2009 and had not received money from other sources in the last twelve months. Appellee's App. 3. He did, however, indicate that he owned several pieces of real property in Georgia, as well as a Porsche, Mercedes, Infiniti, and three other cars. *Id.* at 4. He also identified a "stock portfolio" of "200%–280%." *Id.* at 3.

On November 19, 2015, the Claims Court denied Mr. Chamberlain's application, finding that, because of the assets listed in his application, he was "not without the financial means to pay the court's filing fee." *Id.* at 15. The Claims Court directed Mr. Chamberlain to pay the filing fee by December 21, 2015. *Id.* Mr. Chamberlain did

not pay the filing fee, so, on December 23, 2015, the Claims Court dismissed his complaint without prejudice. *Id.* at 16.

Mr. Chamberlain appeals. This court has jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

Mr. Chamberlain argues that the Claims Court incorrectly decided the issue of whether he could proceed *in forma pauperis* to challenge the government's forfeiture of his property. Appellant's Informal Br. 1. Although his brief does not separately address the Claims Court's decision to dismiss his complaint, we liberally construe his filings to also challenge this aspect of its decision. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (acknowledging that "allegations of the pro se complaint" are "h[e]ld to less stringent standards than formal pleadings drafted by lawyers").

We review a denial of an *in forma pauperis* request, as well as the dismissal an action pursuant to Claims Court Rule 41(b), for an abuse of discretion. *See Colida v. Panasonic Corp. of N. Am.*, 374 F. App'x 37, 38–39 (Fed. Cir. 2010) (citing *Denton v. Hernandez*, 504 U.S. 25, 33–34 (1992); *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 337 (1948)); *Kadin Corp. v. United States*, 782 F.2d 175, 176 (Fed. Cir. 1986). "An abuse of discretion may be established under Federal Circuit law by showing that the court made a clear error of judgment in weighing the relevant factors or exercised is discretion based on an error of law or clearly erroneous factfinding." *Qingdao Taifa Grp. Co. v. United States*, 581 F.3d 1375, 1379 (Fed. Cir. 2009) (quoting *Lab. Corp. of Am. Holdings v. Chiron Corp.*, 384 F.3d 1326, 1331 (Fed. Cir. 2004)) (internal quotation marks omitted).

The Claims Court did not abuse its discretion in denying Mr. Chamberlain's application to proceed *in forma*

*pauperis*. Section 1915 permits, but does not require, a court to allow a party to proceed without paying the requisite fees if "the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Here, the Claims Court found that Mr. Chamberlain had a number of assets, including real property and several cars, which indicated that he was "not without" the means to pay his $400 filing fee. Appellee's App. 15. We discern no clear error of judgment here, as the existence of such assets suggests some ability to afford a $400 filing fee. This conclusion is bolstered by the fact that Mr. Chamberlain indicated that he had a "stock portfolio" of "200%–280%." *Id.* at 3. In addition, Mr. Chamberlain introduced no evidence that paying the filing fee would have imposed undue financial hardship. *See Bryant v. United States*, 618 F. App'x 683, 685 (Fed. Cir. 2015) (citing in comparison *Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001) ("Although pauper status does not require absolute destitution, the question is whether the court costs can be paid without undue hardship")). Accordingly, the Claims Court did not err in denying Mr. Chamberlain's application to proceed *in forma pauperis*.

In addition, the Claims Court did not abuse its discretion in dismissing Mr. Chamberlain's complaint. The Claims Court gave Mr. Chamberlain notice in its decision on November 19, 2015 that it would dismiss his case if it did not receive payment for his filing fee. Appellee's App. 16. Mr. Chamberlain had until December 21, 2015—a little over one month—to pay this fee. *Id.* He also could have sought reconsideration of the Claims Court's decision or permission to supplement his application to proceed *in forma pauperis*. He did none of these things. Accordingly, the Claims Court did not abuse his discretion in dismissing his complaint.

In addition to his informal brief, Mr. Chamberlain has also filed a motion for an injunction, which requests that

we change the deed on eleven different properties (some outside the United States) to reflect that he is the owner. ECF No. 16. We decline to do so. Mr. Chamberlain's motion seems to be seeking declaratory relief, which should be the subject of a separate action in district court. Although Rule 8(a)(l)(C)(2) of the Federal Rules of Appellate Procedure authorizes us to grant an injunction pending appeal, we decline to do so when relief is more properly pursued in district court. *See* Fed. Cir. R. 8(a)(l)(C)(2)(A)(1) (requiring a motion for injunction pending appeal "show that moving first in the district court would be impracticable"). Moreover, ownership of these properties is not related to the issue immediately before us (the Claims Court's denial of Mr. Chamberlain's application to proceed *in forma pauperis*), nor does it seem to be related to the complaint that Mr. Chamberlain filed in the Claims Court. The complaint only references a property at "2300 M Street, NW Washington, DC 20037," which is not among the properties listed in Mr. Chamberlain's motion. *Compare* Appellee's App. 1, *with* ECF No. 6 at 1. Accordingly, we deny Mr. Chamberlain's motion.

CONCLUSION

For the foregoing reasons, we affirm the decision of the Claims Court and deny Mr. Chamberlain's request for an injunction.

**AFFIRMED**

COSTS

Each party shall bear their own costs.