<p style="text-align:center; color:red">Corrected</p>

# In the United States Court of Federal Claims

<div style="text-align:center">

No. 25-79

Filed: February 27, 2025

</div>

|  |  |
|---|---|
| LAURA MEADOWS, | ) |
|  | ) |
| *Plaintiff*, | ) |
|  | ) |
| v. | ) |
|  | ) |
| THE UNITED STATES, | ) |
|  | ) |
| *Defendant*. | ) |
|  | ) |

<div style="text-align:center">

**ORDER**

</div>

Plaintiff Laura Meadows, appearing pro se, has filed this civil action against the United States. ECF No. 1. On January 21, 2025, this court warned Ms. Meadows that "[t]o proceed with a civil action in this court, a plaintiff must either pay $405.00 in fees—a $350.00 filing fee plus a $55.00 administrative fee—or request authorization to proceed without prepayment of fees by submitting a signed application to proceed *in forma pauperis*." ECF No. 6 citing 28 U.S.C. §§ 1914-1915. The court also provided Plaintiff with the application for to proceed *in forma pauperis*. ECF No. 6-1. Finally, the court warned Plaintiff that failing to pay the filing fee or submit the required form by February 20, 2025, would result in the termination of her complaint for failure to prosecute under Rule 41 of the Rules of the United States Courts of Federal Claims. ECF No. 6.

Since the court's January 21, 2025 order, Plaintiff has attempted to file several documents that do not comply with this court's rules/are deficient under this court's rules, none of which were an application to proceed *in forma pauperis* nor provided the information necessary to evaluate potential *in forma pauperis* status. For failure to pay her fee or file her application, the court DISMISSES Plaintiff's complaint without prejudice, ECF No. 1, pursuant to Rule 41 of the Rules of the United States Court of Federal Claims, for failure to prosecute. RCFC 41(b) ("If the plaintiff fails to prosecute or to comply with . . . a court order, the court may dismiss on its own motion[.]"); *see also Bryant v. United States*, 618 F. App'x 683, 686 (Fed. Cir. 2015) ("If a party fails to pay the requisite filing fee, despite adequate notice and ample opportunity to do so, the Claims Court acts within its discretion when it dismisses the action, just as it did in this case.") All deficient filings are rejected, and the Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED**.

<u>s/ Edward H. Meyers</u>
Edward H. Meyers
Judge