# In the United States Court of Federal Claims

No. 25-305C
(Filed: April 9, 2025)
**NOT FOR PUBLICATION**

```
************************************
LESLIE S. McKNIGHT,                 *
                                    *
            Plaintiff,              *
                                    *
v.                                  *
                                    *
THE UNITED STATES,                  *
                                    *
            Defendant.              *
                                    *
************************************
```

## ORDER

Ms. Leslie McKnight, proceeding *pro se*, filed this civil action against the United States of America. To proceed with a civil action in this Court, a plaintiff must either pay $405.00 in fees—a $350.00 filing fee plus a $55.00 administrative fee—or request authorization to proceed without prepayment of fees by submitting a signed application to proceed *in forma pauperis* ("IFP"). *See* 28 U.S.C. §§ 1914, 1915.[1]

Ms. McKnight submitted her complaint without the filing fees or a completed IFP application. In an order dated February 25, 2025, this Court ordered Ms. McKnight to either pay the $405.00 in required fees or submit an IFP application within thirty days. *See* Order (ECF 5). To date, Ms. McKnight has failed to comply with this Court's previous order.

This Court may dismiss a case for failure to prosecute when the plaintiff "fails … to comply with these rules or a court order." RCFC 41(b). Here, Plaintiff's failure to comply with an order directing her to pay the filing fee or establish grounds for proceeding *in forma pauperis* justifies dismissal. *See, e.g., Bryant v. United States*, 618 F. App'x 683, 686 (Fed. Cir. 2015) ("If a party fails to pay the requisite filing fee, despite adequate notice and ample opportunity to do so, the Claims Court acts within its discretion when it dismisses the action."). As a result, this action is dismissed without prejudice for failure to prosecute under Rule 41 of the Rules of the United States Court of Federal Claims.

---

[1] Another individual, Justin W. Booker, appears on Ms. McKnight's filings but has not signed the complaint. Ms. McKnight has not indicated Mr. Booker's relationship to her or that she wishes to represent him. *See* RCFC 83.1(a)(3). Even if Mr. Booker wished to be a plaintiff and even if Ms. McKnight intended to represent him, the obligation to pay the filing fee or move to proceed IFP still applies.

The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED**.

s/ Stephen S. Schwartz
STEPHEN S. SCHWARTZ
Judge
