# In the United States Court of Federal Claims

No. 25-859

Filed: July 1, 2025

---

JEREMY KINSEY,

        *Plaintiff,*

v.

THE UNITED STATES,

        *Defendant.*

---

## ORDER

Plaintiff Jeremy Kinsey's case was dismissed on June 17, 2025, for his failure to prosecute. (Order Dism. Compl., ECF No. 8 (citing RCFC 41(b))). The Court explained that even if Mr. Kinsey had not failed to prosecute his case, his claims were outside this Court's jurisdiction. (*See id.*). That Order followed the Court's dismissal of the bulk of Mr. Kinsey's claims, also on jurisdictional grounds. (Order Dism. Claims, ECF No. 7). Five days after judgment was entered for the United States, the Clerk of Court received a document titled "Money-Mandating Violations Arising from Procedural Due Process Denial, Tucker Act Claims, and Access to Justice Impairment[.]" That document is deficient for several reasons, but its substance effectively functions as a plea for the Court to revisit its prior dismissal. For that reason, the filing is **ACCEPTED**.[1] However, insomuch that it can be construed as a Motion for Reconsideration, Mr. Kinsey's request is **DENIED**.

RCFC 59(e) allows a party to file "[a] motion to alter or amend a judgment . . . no later than [twenty-eight] days after the entry of the judgment." A motion seeking "a substantive change in the judgment"—that is "a revision which disturbs or revises legal rights and obligations that were settled by the previous judgment"—is considered an RCFC 59(e) motion. *Maxus Energy Corp. & Subsidiaries v. United States*, 31 F.3d 1135, 1139 (Fed. Cir. 1994). The Court will grant a motion pursuant to RCFC 59(e) only under extraordinary circumstances, including: (1) an intervening change in the controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. *IAP Worldwide Servs., Inc. v. United States*, 141 Fed. Cl. 788, 801 (2019) (internal citations omitted); *see also Ajinomoto Co., Inc. v. Archer-Daniels-Midland Co.*, 228 F.3d 1338, 1350 (Fed. Cir. 2000) (discussing the correlative Federal Rule of Civil Procedure and applicable standard). Motions to reconsider are limited in nature and should not be used to tender new legal theories, raise arguments that could have been offered or raised before the entry of judgment, or relitigate prior positions. *See*

---

[1] Because that filing will not appear on the Court's docket at the time of this ruling, the Court attaches it as a Supplement to this Order and cites to the document as "Pl.'s Mot."

*Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998).

Mr. Kinsey characterizes his claim for relief as a pursuit for "monetary relief for violations of money-mandating constitutional provisions, statutory rights, and administrative procedures caused by the *U.S. District Court's* failure to properly consolidate related filings, denial of equal access through mismanagement of [*in forma pauperis*] status, and obstruction of justice through docket manipulation and improper judicial handling." (Pl.'s Mot. at 1 (emphasis added)). This slew of allegations, though not without interest, underscores a fundamental misunderstanding; Mr. Kinsey labels this Court a "U.S. District Court," a mischaracterization that betrays a deeper confusion about where he has chosen to bring his case. The United States Court of Federal Claims is a distinct forum with different jurisdictional bounds than United States District Courts. As the Court explained in its Order of Dismissal, Mr. Kinsey's claims did not fall within those bounds. (*See* Order Dism. Compl.).

Mr. Kinsey asserts that his claim for relief is brought under "money-mandating provisions" such as "Fifth Amendment (Due Process Clause)[,]" "Tucker Act (28 U.S.C. § 1491)[,]" "28 U.S.C. § 1915 (In Forma Pauperis Statute)[,]" and "Clerical and Judicial Mismanagement of Court Dockets[.]" (Pl.'s Mot. at 1–2). This list does not present a single money-mandating provision, nor does it compel reconsideration. As the Court explained in its initial Order dismissing the bulk of Mr. Kinsey's claims, the Fifth Amendment Due Process Clause is not "a sufficient basis for jurisdiction" because it does not "mandate payment of money by the government." (Order Dism. Claims at 2 (citing *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995))). Similarly, the Court iterated that the Tucker Act itself does not provide an enforceable right against the United States, and so "a plaintiff must identify a separate source of substantive law that creates the right to money damages." (*Id.* (citing *Brooks v. United States*, 825 F. App'x 745, 748 (Fed. Cir. 2020))).

Mr. Kinsey's reliance on the *in forma pauperis* statute is also misplaced. Before final dismissal, the Court rejected a document purporting to be an "Application to Proceed In Forma Pauperis" that was neither signed by Mr. Kinsey, nor apropos of his own financial status. (Order Dism. Claims at 3). However, the Court did not prohibit Mr. Kinsey from filing a proper motion to proceed *in forma pauperis* ("IFP Application"). (*Id.* at 4 ("Mr. Kinsey's deadline to either pay the requisite filing fee or file an IFP application remains in effect.")). To date, Mr. Kinsey has *still* not filed a proper IFP Application. The statute governing *in forma pauperis* status "permits, but does not require, a Court to allow a party to proceed without paying the requisite fees if 'the person is unable to pay such fees or give security therefor.'" *Chamberlain v. United States*, 655 F. App'x 822, 825 (Fed. Cir. 2016) (citing 28 U.S.C. § 1915(a)(1)). Notably, Section 1915 does not create a private cause of action for plaintiffs to bring suit, nor does it mandate the payment of money by the United States; thus, it is not a "money-mandating" provision as Mr. Kinsey states, (Pl.'s Mot. at 1–2). Mr. Kinsey failed to present even a shred of evidence that paying the filing fee would produce an undue hardship. Even if he had, his inability to proceed without pre-payment of the filing fee is grounds for appeal, *not* reconsideration. Although Mr. Kinsey is of the belief that the Court's failure to allow him to proceed *in forma pauperis* ultimately prejudiced him, (Pl.'s Mot. at 2), the Court disagrees. While his case was primarily dismissed due to Mr. Kinsey's failure to prosecute, the Court also noted that it would have lacked

jurisdiction over his claims regardless. (Order Dism. Claims at 2 ("The overwhelming majority of these actions are not within the jurisdiction of this Court."); Order Dism. Compl at 2–3, 4 ("Moreover, the Court notes that although most of Mr. Kinsey's claims were previously dismissed for lack of subject matter jurisdiction, his remaining claims are similarly deficient.")). To be sure, the Court expended eight pages—3,675 words—explaining to Mr. Kinsey that his claims were brought to an improper forum. And so, it cannot be said that Mr. Kinsey's case would have had a different outcome had the Court allowed him to proceed *in forma pauperis*.

Mr. Kinsey also believes that he was disadvantaged by the Court's separation of these claims from another case, despite his difference in case captions and named plaintiffs. (Pl.'s Mot. at 2). However, any perceived mismanagement of cases is also not a money-mandating provision that gives rise to a suit against the United States despite Mr. Kinsey's classification otherwise. (*See* Pl.'s Mot. at 1). Further, the Court's jurisdictional requirements bind all judges of the United States Court of Federal Claims. Because Mr. Kinsey failed to meet basic jurisdictional requirements for this case, he would have also failed to meet them in the separate action before this Court. Thus, it is false that the separation of these claims could have prejudiced Mr. Kinsey in any meaningful way and therefore does not provide grounds for reconsideration.

The Clerk is directed to **ACCEPT** Mr. Kinsey's "Money-Mandating Violations Arising from Procedural Due Process Denial, Tucker Act Claims, and Access to Justice Impairment" received on June 23, 2025. However, Mr. Kinsey has not presented any valid grounds that would warrant reconsideration of the Court's prior ruling. His request is based on nothing more than a desire to relitigate his prior positions. Accordingly, the Court sees no basis to disturb its earlier judgment, and Mr. Kinsey's request for the Court to revisit its prior ruling is **DENIED**.

**IT IS SO ORDERED.**

_David A. Tapp_
DAVID A. TAPP, Judge