**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

NOT FOR PUBLICATION

| | | |
|---|---|---|
| | ) | |
| JONATHAN WAYNE STEELE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 26-11 |
| | ) | |
| v. | ) | Filed: February 2, 2026 |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

On January 6, 2026, Plaintiff Jonathan Wayne Steele, proceeding pro se, filed his Complaint in this Court, seeking review of the Air Force Board for Correction of Military Records' decision denying his application to correct his military records to reflect a medical retirement for service-related psychiatric injuries. ECF No. 1 at 2–3. That same day, Plaintiff filed an Application to Proceed In Forma Pauperis ("IFP Application"), asking the Court to permit him to proceed without paying the Court's $405 filing fee. ECF No. 2.

A court may waive its filing fees and allow the plaintiff to proceed IFP if he or she is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). "To be 'unable to pay such fees' means that paying such fees would constitute a serious hardship on the plaintiff, not that such payment would render plaintiff destitute." *Fiebelkorn v. United States*, 77 Fed. Cl. 59, 62 (2007) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). A plaintiff must support his IFP application with an affidavit providing information, including a statement of all assets, sufficient to demonstrate his eligibility for IFP status. *See* 28 U.S.C. § 1915(a)(1). It is left to the discretion of the court to determine, based on the financial information submitted,

whether requiring the plaintiff to pay the filing fee would "impose[] undue financial hardship." *Chamberlain v. United States*, 655 F. App'x 822, 825 (Fed. Cir. 2016); *see also Bryant v. United States*, 618 F. App'x 683, 685 (Fed. Cir. 2015) ("[P]roceeding *in forma pauperis . . .* is a privilege, not a right." (alteration in original) (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998))).

In his IFP Application, Plaintiff represents that he is currently employed and makes $1,250 in gross monthly income. ECF No. 2 at 1. Plaintiff also indicates that he receives $4,374 per month from "Va Disability," which the Court assumes refers to disability benefits from the U.S. Department of Veterans Affairs, and $1,456 per month from Social Security disability payments. *Id.* at 2. Thus, in sum, Plaintiff's gross monthly income totals $7,080. Plaintiff estimates that his "necessary monthly living expenses total approximately $6,500, including rent, utilities, food, transportation, insurance, and medical-related costs." *Id.* at 3. Plaintiff breaks down his estimated monthly expenses as follows: rent ($825), car payment ($762), cable ($319), car insurance ($165), cell phone ($75), electric ($100), food ($1500), songwriting ($800), martial arts and bowling ($600), gas and car expenses ($300), and credit cards ($500). *Id.* at 2. Plaintiff states that no persons are dependent on him for support, nor does he have any debts or financial obligations not included in his regular monthly expenses. *Id.*

Upon review, the Court finds that requiring Plaintiff to pay the filing fee would not constitute a "serious hardship." *Fiebelkorn*, 77 Fed. Cl. at 62. Plaintiff's monthly gross income exceeds his monthly expenses by roughly $508 per month, an amount that exceeds the Court's $405 filing fee. Funds spent on Plaintiff's recreational activities (the approximately $1,400 in monthly expenses Plaintiff lists for songwriting, martial arts, and bowling), too, could be put toward paying the Court's filing fee, as they are supplementary to his basic needs. Plaintiff's

annual income of approximately $84,000 is also more than five times above the 2026 Department of Health and Human Services Poverty Guidelines for a single-person family, which currently amounts to $15,960. *See* Annual Update of the HHS Poverty Guidelines, 91 Fed. Reg. 1797, 1798 (Jan. 15, 2026). Thus, based on Plaintiff's present economic status, the Court finds that he has not provided sufficient "evidence that paying the filing fee would . . . impose[] undue financial hardship" entitling him to relief from payment under § 1915(a)(1). *Chamberlain*, 655 F. App'x at 825.

Because the Court finds that Plaintiff is not entitled to IFP status, Plaintiff's Application to Proceed In Forma Pauperis (ECF No. 2) is **DENIED**. Plaintiff is **ORDERED** to pay the $405 filing fee on or before **March 4, 2026**. If Plaintiff fails to comply with this order, the Court will dismiss his case for failure to prosecute under Rule 41(b) of the Rules of the United States Court of Federal Claims. It is further **ORDERED** that the deadline for the parties to file their Joint Scheduling Motion pursuant to Appendix K § II.2 of the Court's rules is **STAYED** pending further Court order.

**SO ORDERED.**


Dated: February 2, 2026                    */s/ Kathryn C. Davis*
                                           KATHRYN C. DAVIS
                                           Judge