NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**VEDRICK LAMONTE SYMONETTE,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2025-1697

---

Appeal from the United States Court of Federal Claims in No. 1:25-cv-00250-EHM, Judge Edward H. Meyers.

---

Decided:  March 5, 2026

---

VEDRICK LAMONTE SYMONETTE, Raiford, FL, pro se.

ISABELLE AUBRUN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by ELIZABETH MARIE HOSFORD, PATRICIA M. MCCARTHY, BRETT SHUMATE.

---

Before LOURIE, WALLACH, and CHEN, *Circuit Judges.*

PER CURIAM.

Mr. Symonette appeals a decision of the United States Court of Federal Claims dismissing his Complaint for failure to prosecute. Because the Court of Federal Claims did not abuse its discretion in dismissing Mr. Symonette's Complaint, we *affirm*.

## BACKGROUND

On February 10, 2025, Mr. Symonette, proceeding pro se, filed a Complaint in the Court of Federal Claims, alleging that he has a perfected security interest in his collateral (i.e., birth certificate and social security account number) and the United States is wrongfully detaining his private property. SAppx4–6.[1] Mr. Symonette also filed a Motion for Leave to Proceed *In Forma Pauperis*, electing not to pay the requisite filing fee. *See* SAppx64–66.

The Court of Federal Claims denied Mr. Symonette's Motion because he failed to meet the applicable statutory standard for proceeding *in forma pauperis*. *See* SAppx67–68. As the Court of Federal Claims explained, under 28 U.S.C. § 1915(g), "a prisoner may not proceed in forma pauperis if he or she has brought three or more cases while incarcerated that were dismissed as 'frivolous, malicious, or fail[ing] to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.'" SAppx67 (alteration in original). Here, the Court of Federal Claims held that "Mr. Symonette [did] not allege that he is in imminent danger of physical injury" and "has previously filed at least three complaints that were dismissed as frivolous, malicious, or for failure to state a claim." SAppx67–68. Consequently, Mr. Symonette was ordered to pay the filing

---

[1] "SAppx" refers to the appendix filed with the Government's Informal Response Brief.

fee by March 17, 2025, or else his Complaint would be dismissed.  SAppx68.

On March 3, 2025, Mr. Symonette filed a Motion for Reconsideration, alleging that he had been physically assaulted and his physical body was in danger of serious injury.[2]  *See* SAppx71–73.  Mr. Symonette also alleged that the Florida First District Court of Appeal "wrongly denied" him "protection" from attacks.  SAppx72.  The Court of Federal Claims denied Mr. Symonette's Motion, explaining that "[h]is complaint did not allege that he faced imminent danger of serious physical injury" and it lacked jurisdiction to "entertain collateral attacks on state court decisions." SAppx81.  Again, the Court of Federal Claims ordered Mr. Symonette to pay the filing fee by March 17, 2025. SAppx82.  Mr. Symonette failed to pay the filing fee, and on March 25, 2025, the Court of Federal Claims dismissed Mr. Symonette's Complaint for failure to prosecute. SAppx83–84.    Mr. Symonette appeals.    We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

Under Rule 41(b) of the Rules of the Court of Federal Claims, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, the court may dismiss on its own motion."  We review a dismissal pursuant to Rule 41(b) for an abuse of discretion.  *Claude E. Atkins Enters., Inc. v. United States*, 899 F.2d 1180, 1183 (Fed. Cir. 1990). "A court abuses its discretion when (1) its decision is clearly unreasonable, arbitrary or fanciful; (2) the decision is based upon an erroneous construction of the law; (3) its factual findings are clearly erroneous; or (4) the record contains no evidence upon which the . . . court could have

---

[2] Mr. Symonette framed his Motion as a Notice of Appeal, but the Court of Federal Claims construed it as a Motion for Reconsideration.  *See* SAppx80.

rationally based its decision." *Shell Oil Co. v. United States*, 896 F.3d 1299, 1307 (Fed. Cir. 2018) (internal quotation marks omitted) (quoting *Hi-Shear Tech. Corp. v. United States*, 356 F.3d 1372, 1377–78 (Fed. Cir. 2004)). We see no abuse of discretion by the Court of Federal Claims in this case.

On appeal, Mr. Symonette continues to argue that he has a perfected security interest in his collateral. Inf. Br. App. at 1–3. However, Mr. Symonette fails to explain his failure to pay the filing fee, even though the Court of Federal Claims twice ordered him to do so. While Mr. Symonette does argue the Court of Federal Claims applied the wrong law, citing Florida Statutes "679.5011(2) and 679.509(2)" and "Public Policy House Joint Resolution 192 of June 5[,] 1933," Inf. Br. App. at 2, the cited authorities are irrelevant to the matter before this Court. The authorities Mr. Symonette cites are directed towards the merits of the arguments raised in his Complaint—that he has a perfected security interest in his collateral and the United States is wrongfully detaining his private property. None of Mr. Symonette's arguments persuade this Court that the Court of Federal Claims abused its discretion in dismissing his Complaint for failure to pay the filing fee.

Under 28 U.S.C. § 1915(g), a prisoner is barred from proceeding *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." The Court of Federal Claims denied Mr. Symonette's Motion for Leave to Proceed *In Forma Pauperis* because it found that he had previously filed multiple frivolous complaints and failed to allege that he was in imminent danger of physical injury. *See* SAppx67–68. In doing so, the Court of Federal Claims

gave Mr. Symonette approximately one month to pay the required filing fee. *See* SAppx68.

Prior to the deadline, the Court of Federal Claims also denied Mr. Symonette's construed Motion for Reconsideration and again ordered him to pay the filing fee by March 17, 2025. *See* SAppx80–82. On March 25, 2025, approximately a week after the deadline, the Court of Federal Claims dismissed Mr. Symonette's Complaint for failure to prosecute because he failed to pay the filing fee. SAppx83. "If a party fails to pay the requisite filing fee, despite adequate notice and ample opportunity to do so, the [Court of Federal Claims] acts within its discretion when it dismisses the action, just as it did in this case." *Bryant v. United States*, 618 F. App'x 683, 686 (Fed. Cir. 2015) (citing *Brown v. United States*, 88 Fed. Cl. 795, 798 (2009)).

### CONCLUSION

We have considered Mr. Symonette's remaining arguments but do not find them persuasive. For the foregoing reasons, the decision of the Court of Federal Claims is affirmed.

### AFFIRMED

### COSTS

No costs.